# NO. 12-22-00301-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEVIN TYRELL GARRETT,* *APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Tevin Tyrell Garrett, acting pro se, filed a notice of appeal "from the denial of the State Petition on the date of November 11, 2022 which was denied by the Court of Criminal Appeals[.]" In October 2019, Appellant filed an application for writ of habeas corpus with the Texas Court of Criminal Appeals. On November 6, 2019, the Court of Criminal Appeals remanded the case to the trial court for evidentiary findings. *See **Ex parte Garrett***, WR-90,476-01, WR-90,476-02, WR-90,476-03, 2019 WL 5783490, at \*1-2 (Tex. Crim. App. Nov. 6, 2019, per curiam order). On February 26, 2020, the Court of Criminal Appeals denied habeas relief without a written order. *See **Ex parte Garrett***, WR-90,476-01, WR-90,476-02, WR-90,476-03, (Tex. Crim. App. Feb. 26, 2020). Appellant filed another habeas application on October 3, 2022, which the Court of Criminal Appeals dismissed. *See **Ex parte Garrett***, WR-90,476-04 (Tex. Crim. App. Nov. 2, 2022). It is not entirely clear whether this dismissal is the subject of Appellant's notice of appeal.

On November 21, 2022, the Clerk of this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, namely, the order being appealed is not an appealable order. We further notified Appellant that the appeal would be dismissed unless the information was amended on or before December 21 to show the jurisdiction of the Court. In

response, Appellant asserts a claim of legal innocence, claims that his plea was involuntary, and contends the judgment of conviction is void.

To the extent Appellant attempts to challenge a decision of the Texas Court of Criminal Appeals, we do not have jurisdiction over the Court of Criminal Appeals. *See **Lambert v. State***, No. 03–12–00530–CR, 2012 WL 3629486 (Tex. App.–Austin Aug. 23, 2012, no pet.) (mem. op., not designated for publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.45 (West 2018).

And to the extent he attempts to challenge his conviction and sentence for burglary of a habitation, the appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2022). This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07. *See **id**.* arts. 11.05, 11.07 (West 2005 & Supp. 2022). Only the court of criminal appeals has jurisdiction in postconviction challenges to final felony convictions. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also **Noble v. State***, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, pet. ref'd) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings).

Accordingly, for the above reasons, we ***dismiss*** the appeal for ***want of jurisdiction***.

Opinion delivered January 25, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 25, 2023**

**NO. 12-22-00301-CR**

**TEVIN TYRELL GARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 17CR20221B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*